# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 7, 2009

137373

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JERMAINE CURTIS BRANNER,
      Defendant-Appellant.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137373
COA: 275911
Oakland CC: 2006-209376-FH

On order of the Court, the application for leave to appeal the June 17, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*dissenting*).

I dissent from the order denying defendant's application for leave to appeal. The Court of Appeals concluded that the record was sufficient to establish that defendant waived his right to a jury trial. However, it never addressed that, in the brief colloquy regarding the parties' stipulation to a trial on the paper record, the court never advised defendant of his other trial rights. Rather, the court employed a perfunctory process, concluding that defendant voluntarily waived all those rights. The dissenting Court of Appeal judge reasonably questioned whether virtually *all* the rights associated with a trial could properly be waived in such a manner.

I agree with the dissent that the absence of procedural safeguards in this case spawns a fundamental concern about how the justice system should operate. The issue stretches beyond defendant's case and is jurisprudentially significant, especially if other trial courts employ the procedure used here. It is significant also given the distressed condition of criminal defense for the indigent in this state.[1]

---

[1] See National Legal Aid & Defender's Association, *Evaluation of Trial-Level Indigent Defense Systems in Michigan*, <http://www.michbar.org/publicpolicy/pdfs/indigentdefense_report.pdf> (accessed June 23, 2009).

Therefore, I would grant leave to appeal to determine whether the procedure employed to determine defendant's guilt was adequate and whether the trial court fulfilled its obligation to safeguard defendant's fundamental rights.

In addition, defense counsel's performance may have been so deficient that it constituted ineffective assistance. Counsel stipulated to allow the trial court to decide the case using only the preliminary examination record, the police report, and the toxicology report. This decision seemingly provided *no* defense to the charges against defendant.

At a minimum, had defense counsel chosen to proceed with a bench trial, the court would have had an opportunity to observe witnesses and evaluate their credibility. Given that failure, it is premature to assume that there is no probability of a different result had defendant received a full trial.

Therefore, I dissent from the denial order and would grant defendant's application for leave to appeal.

CAVANAGH, J., joins the statement of KELLY, C.J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 7, 2009

d0630

Clerk